UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL WILLIAMS**, individually and on behalf of all others similarly situated, | : <br> : <br> : <br> : <br> : Civil Action No. _____ |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| **RAPID PALLET, INC.**, | : <br> : |
| Defendant. | : |

### COLLECTIVE AND CLASS ACTION COMPLAINT

Michael Williams ("Plaintiff"), individually and on behalf of all other similarly situated employees of Defendant Rapid Pallet, Inc. (Defendant), and on behalf of the members of the proposed Classes (defined below), files this Collective and Class Action Complaint against Defendant for unpaid overtime, liquidated damages, attorneys' fees, costs and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and/or Pennsylvania common law.

### INTRODUCTION

1. Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA. He brings these claims as a collective action on behalf of all

current or former hourly employees by Defendant from three (3) years before the filing of this Complaint to the present, who were not paid overtime at one and one half of their regular hourly rate of pay for all hours worked over forty (40) in a workweek (the "FLSA Collective").

2. Plaintiff also brings claims to recover unpaid overtime wages under the PMWA and/or Pennsylvania common law on behalf of all current and former hourly employees of Defendant, who worked in the state of Pennsylvania from four (4) years before the filing of this Complaint to the present, who were not paid overtime at one and one half of their regular hourly rate of pay for all hours worked over forty (40) in a workweek (the "Rule 23 Class"). Plaintiff brings these claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, as Defendant is domiciled and conducts business in the Middle District of Pennsylvania.

4. This Court also has supplemental jurisdiction pursuant to 29 U.S.C. § 1367 over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative facts.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as

Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## PARTIES

6. Plaintiff Michael Williams is a major individual and a citizen of the Commonwealth of Pennsylvania who resides in Harrisburg, Pennsylvania.

7. Pursuant to 29 U.S.C. § 216(b), Plaintiff Williams consents in writing to be a party to this proceeding. His consent form is attached as Exhibit "A."

8. Defendant Rapid Pallet, Inc. is a Pennsylvania corporation with its principal place of business located at 601 Electric Building, Scranton, Pennsylvania, 18503.

9. Defendant employs hourly workers like Plaintiff who manufacture, construct, assemble and produce pallets for use in storage and shipping that Defendant sells and provides to various purchasers.

## COVERAGE UNDER THE FLSA

10. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1) and has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

11. Plaintiff and the FLSA Collective are or were individual employees engaged in commerce or in the production of goods or services for commerce as

3

required by 29 U.S.C. § 207.

12. Defendant, Plaintiff and the FLSA Collective used cell phones, computers, materials, supplies and equipment that were manufactured in or purchased and shipped from states other than Pennsylvania and Defendant accepted checks, credit cards, electronic payments and processed other transactions from customers through interstate banks and financial institutions, all of which constitutes interstate commerce.

## COLLECTIVE AND CLASS ACTION DEFINITIONS

13. The group of similarly situated employees sought to be conditionally certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former employees of Defendant Rapid Pallet, Inc., who worked at any time from three (3) years prior to filing this Complaint to the present, and who were paid hourly and were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a workweek (the "FLSA Collective").

14. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the PMWA and Pennsylvania common law is defined as:

> All current or former employees of Defendant Rapid Pallet, Inc., in the State of Pennsylvania, who worked at any time from four (4) years prior to filing this Complaint to the present and who were paid hourly and were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a workweek (the "Rule 23 Class").

15. The FLSA Collective and Rule 23 Class Members are together referred

to as the "Classes."

16. Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter as may be warranted or necessary.

## **FACTS**

17. Plaintiff and the Class Members are or were employed by Defendant as hourly employees to manufacture, produce, construct and assemble pallets and skids for use in shipping.

18. Plaintiff and Class Members are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and/or the PMWA and/or Pennsylvania common law.

19. Plaintiff and Class Members were paid by the hour.

20. Plaintiff and Class Members performed no job duties or functions that qualified for any FLSA or PMWA overtime exemption.

21. Defendant has suffered and permitted Plaintiff and Class Members to regularly work more than forty (40) hours in a workweek.

22. For example, Plaintiff worked in excess of forty (40) hours during the workweek of December 20, 2020 to December 26, 2020 but was only paid his hourly rate of $10.00 per hour for all hours worked plus a non-discretionary production bonus of $159.75. Plaintiff was paid in the form of a check for the first forty hours and the bonus, and cash for the remaining hours worked.

23. Defendant has also suffered and permitted the Class Members to regularly work more than forty (40) hours in a workweek without overtime pay at one and one-half times their regular rate of pay.

24. Plaintiff and Class Members were not compensated in accordance with the FLSA and/or the PMWA because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA and PMWA, Defendant paid straight time for all hours worked.

25. Furthermore, Defendant failed to include non-discretionary production bonuses in the calculation of overtime wages.

26. Defendant is aware, or should have been aware, that Plaintiff and Class Members worked over forty (40) hours in a workweek. Defendant assigns work schedules and requires Plaintiff and Class Members to work overtime.

27. Defendant often paid Plaintiff and Class Members straight time for overtime hours using a separate, non-payroll account to avoid documenting unpaid overtime hours.

28. Plaintiff and Class Members were all subject to Defendant's uniform policy as not paying proper overtime.

## THE FAILURE TO PROPERLY PAY WORKERS IS WILLFUL

29. Defendant's actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA.

30. Even though the FLSA requires overtime premium compensation for hours worked over forty (40) hours per week, Defendant does not pay Plaintiff and Class Members proper overtime compensation for overtime hours worked.

31. Defendant knew, or absent their own recklessness should have known, that the Plaintiff and Class Members were entitled to such overtime premiums.

32. Defendant failed to pay Plaintiff and Class Members all compensation owed, including overtime premiums.

33. By failing to pay all the compensation owed to Plaintiff and Class Members, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and Pennsylvania state law.

34. Defendant have not made good faith efforts to comply with the FLSA and applicable Pennsylvania state law.

## COLLECTIVE ACTION ALLEGATIONS

35. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

36. Defendant has violated, and is violating, the provisions of the FLSA,

7

29 U.S.C. §§ 207 and 215(a)(2), by not paying employees like Plaintiff and the FLSA Collective overtime as required by law.

37. Plaintiff is aware of other current or former employees of Defendant who were subject to the same payroll practice.

38. Defendant's practice and policy of not paying overtime affects Plaintiff and the FLSA Collective similarly and is a willful violation of the FLSA.

39. The FLSA Collective are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

40. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the FLSA Collective are similarly situated.

41. Plaintiff and the FLSA Collective all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

42. The specific job titles or precise job requirements of the FLSA Collective does not prevent proceeding collectively. All of Defendant's hourly employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per

workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

43. Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

44. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for hours worked over forty (40).

45. The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, and attorney's fees and costs under the FLSA.

**PENNSYLVANIA RULE 23 CLASS ACTION ALLEGATIONS**

46. The persons in the Pennsylvania Rule 23 Class are so numerous that joinder of all members of the proposed Pennsylvania Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, Defendant, on information and belief, has employed over forty (40) hourly employees during the class period. Plaintiff and the Rule 23 Class have been uniformly affected by Defendant's violation of law.

9

47. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including, but not limited to the following:

   a. Whether Defendant violated Pennsylvania law for failure to pay overtime wages due and owing;
   b. Whether Defendant's actions were willful; and
   c. Whether hourly employees qualify for any overtime exemption.

48. Plaintiff's claims are typical of those of the Rule 23 Class. Plaintiff, like other members of the proposed Rule 23 Class, was subject to Defendant's practices and policies as described above. Further, Plaintiff's job duties are typical of the Rule 23 Class, as all class members are or were non-exempt hourly workers.

49. Plaintiff will fairly and adequately protect the interest of the proposed Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

50. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to

Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

## COUNT I
## OVERTIME WAGES

**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201,** *et seq.*
*On Behalf of Plaintiff and the FLSA Collective*

51. All previous paragraphs are incorporated as though fully set forth herein.

52. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

53. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

54. During all relevant times, Plaintiff and Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

55. Plaintiff and Collective Members are not exempt from the requirements of the FLSA.

56. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee …." 29 U.S.C. § 207(e).

57. The Supreme Court has described that the term regular rate "obviously means the hourly rate actually paid the employee for the normal, non-overtime

workweek." *Bay Ridge v. Operating Co. v. Aaron,* 334 U.S. 446, 460 (1948) (quoting *Walling v. Helmerich & Payne, Inc.,* 323 U.S. 37, 40 (1944)).

58. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. *See* 29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

59. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations, including calculation of non-discretionary bonus in the regular rate.

60. Defendant knew, or showed reckless disregard for the fact that it failed to pay these non-exempt hourly employees proper overtime compensation in violation of the FLSA. *See* 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

61. Defendant also failed to create, keep, and preserve accurate records with respect to work performed by the Plaintiff and Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

62. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of overtime wages and interest thereon.

63. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who

intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II**
**OVERTIME WAGES**

**VIOLATION OF THE PENNSYLVANIA**
**MINIMUM WAGE ACT OF 1968 – 43 P.S. § 333.101 *et seq*.**
*On Behalf of Plaintiff and the Proposed Rule 23 Class*

64. All previous paragraphs are incorporated as though fully set forth herein.

65. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 Pa. Code § 231.21(b).

66. The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular hourly rate at which he or she is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

67. Plaintiff and the proposed Rule 23 Class were or are employees of Defendant within the meaning of the PMWA.

68. At all times material herein, Plaintiff and the Rule 23 Class members, are covered employees entitled to the protections of the PMWA. 43 Pa. Stat. § 333.103(h).

69. Defendant is a covered employer required to comply with the PMWA's mandates. 43 Pa. Stat. § 333.103(g).

70. The PMWA defines "wages" as "compensation due to any employee by reason of his or her employment." 43 Pa. Stat. § 333.103(d).

71. The PMWA defines the "regular rate" as including "all remuneration for employment paid to or on behalf of the employee…." 34 Pa. Code § 234.43.

72. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. *See* 34 Pa. Code § 234.43.

73. Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek," which the Pennsylvania Department of Labor has defined as "a period of 7 consecutive days." 34 Pa. Code. § 231.42.

74. When Defendant paid Plaintiff and the Rule 23 Class straight time rather than the required one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek, it violated the PMWA.

75. Further, the regular rate of pay must include all non-discretionary pay including the production bonuses earned by Plaintiff and the Rule 23 Class.

76. The foregoing conduct constitutes a willful violation of the PMWA within the meaning of the PMWA.

77. Pursuant to 43 P.S. § 333.113, Plaintiff and the members of the Rule 23

Class are entitled to damages, including overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the PMWA

78. As a result of these violations of the PMWA, pay, including overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the members of the Rule 23 Class. Accordingly, Defendants are liable for unpaid wages, attorneys' fees, and costs of this action.

### COUNT III
### UNJUST ENRICHMENT
*On Behalf of Plaintiff and the Proposed Rule 23 Class*

79. Defendant has received and benefited from the uncompensated labors of Plaintiff and the Rule 23 Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment under the common law of Pennsylvania.

80. At all times relevant herein, Defendant devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from Plaintiff and the Rule 23 Class without paying them the lawful and appropriate overtime premium for all hours worked.

81. Contrary to all good faith and fair dealings, Defendant induced Plaintiff and the Rule 23 Class to perform work while failing to pay overtime compensation

for all hours worked as required by law.

82. By reasons of having secured the work and efforts of Plaintiff and the Rule 23 Class without paying them all compensation required by law, Defendant enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to their own benefit and to the detriment of Plaintiff and the Rule 23 Class. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

83. Accordingly, Plaintiff and the Rule 2 Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

<strong><u>PRAYER FOR RELIEF</u></strong>

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Collective members;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Rule 23 Class;

d. Damages (including all unpaid overtime compensation and all unpaid wages) and pre-judgment and post-judgment interest to the fullest extent permitted under the law;

e. All compensatory damages due under the FLSA and Pennsylvania law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff, and the FLSA Collective and

Rule 23 Class Members;

f. Liquidated damages and penalties to the fullest extent permitted under the law;

g. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: February 4, 2022                Respectfully submitted,

By: */s/ Alexandra K. Piazza*
Camille Fundora Rodriguez (SBN 312533)
Alexandra K. Piazza (SBN 315240)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
crodriguez@bm.net
apiazza@bm.net

Scott E. Brady (*pro hac vice* forthcoming)
Philip Bohrer (*pro hac vice* forthcoming)
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Tel: (225) 925-5297
Fax: (225) 231-7000
scott@bohrerbrady.com
phil@bohrerbrady.com