**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL WILLIAMS, individually and on behalf of all other similarly situated, Plaintiff** | : | **No. 3:22cv177** |
| | : | **(Judge Munley)** |
| | : | **CLASS AND COLLECTIVE ACTION** |
| **v.** | : | |
| **RAPID PALLET, INC., Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On April 26, 2022, Plaintiff Michael Williams, individually and on behalf of all other similarly situated individuals, filed an amended class action/collective action complaint against defendant involving allegations that Defendant Rapid Pallet, Inc. violated federal and state law in paying its employees. Before the court for disposition is defendant's motion to dismiss plaintiff's amended complaint. The motion has been fully briefed and is ripe for disposition.[1]

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

**Background**[2]

Defendant employed plaintiff from December 2018 through November 2021 as a manual laborer who manufactured, produced, constructed, and assembled pallets and skids for use in shipping. (Doc. 13, Am. Compl. ¶¶ 17, 18). Defendant permitted the plaintiff and class members to regularly work greater than forty (40) hours in a workweek. (Id. ¶ 21). For example, plaintiff typically worked six (6) days a week, Monday through Saturday, for a minimum of forty-five (45) hours a week. (Id. ¶ 23).

Plaintiff's ordinary payroll check paid him for forty (40) hours at his hourly rate of pay. (Id. ¶ 24). For hours worked in excess of forty (40) hours, defendant paid plaintiff in cash at his usual hourly rate, not the legally mandated overtime rate of 1.5 times the regular rate. (Id.) Additionally, plaintiff received a "production bonus" which was not tied to the number of hours he worked. (Id. ¶ 25).

Defendant failed to compensate plaintiff and the class members in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

---

[2] These brief background facts are derived from plaintiff's amended complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 233 (3d Cir. 2008). Defendant appears to strongly deny the allegations of the amended complaint. The court makes no determination, however, as to the ultimate veracity of these assertions.

and/or the Pennsylvania Minimum Wage Act ("PMWA"), 43 PA. STAT. ANN. § 333.101 *et seq.* Specifically, defendant did not pay its employees 1.5 times their regular rate of pay for hours worked over forty (40) in a workweek. (Id. ¶ 28). Plaintiff and the class members were all subject to the defendant's uniform policy regarding the improper payment of overtime wages. (Id. ¶ 29). Accordingly, plaintiff filed the instant action alleging violations of the FLSA and the PMWA on behalf of himself and all other similarly situated.

Plaintiff's amended complaint contains the following three counts: Count I, a claim for overtime wages under the FLSA; Count II, a claim for overtime wages under the PMWA; and Count III, a claim for unjust enrichment. Defendant has filed a motion to dismiss plaintiff's amended complaint, bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to the FLSA, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's PMWA and Unjust Enrichment claims pursuant to 28 U.S.C. § 1367.

## Discussion

Defendant's motion to dismiss plaintiff's amended complaint raises several issues. The court will address only one of these issues, that is the timeliness of the plaintiff's amended complaint, as the court finds it to be dispositive.

Plaintiff originally filed a complaint on February 4, 2022. (Doc. 1). Defendant filed a motion to dismiss the original complaint on March 31, 2022. (Doc. 11). In response, plaintiff filed an amended complaint, purportedly pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. 13, Am. Compl. at p. 1). Defendant argues that the amended complaint should be dismissed without prejudice as untimely. After a careful review, the court agrees.

Federal Rule of Civil Procedure 15(a)(1)(B) provides:

> **(a) Amendments Before Trial.**
>
> **(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course no later than:
>
> . . .
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1)(B).

If the deadline for filing an amended complaint as a matter of course under Rule 15(a)(1)(B) passes, then "a party may amend its pleading only with the opposing party's written consent, or the court's leave." FED. R. CIV. P. 15(a)(2).

On March 31, 2022, defendant filed and served a motion to dismiss plaintiff's original complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 8(a), and 9(b). Under Rule 15, plaintiff had until twenty-one (21) days later, Thursday, April 21, 2022, to properly file an amended complaint as a matter of course. The instant amended complaint was filed after the deadline; specifically, it was filed on April 26, 2022. (See Doc. 13). Therefore, it is untimely with regard to filing as a matter of course, and plaintiff needs the consent of opposing counsel or the court's leave to file the amended complaint. Defendant argues that the court should dismiss the amended complaint subject to plaintiff obtaining consent or leave of court (by motion) to file an amended complaint.

After a careful review, the court finds that dismissal of the amended complaint, without prejudice, is appropriate. The court finds that directing the plaintiff to proceed through the proper process would be useful for both the parties and the court. The requirement of a motion or consent of opposing counsel before filing an amended complaint is important to test the adequacy of the proposed amendment before requiring the defendant to answer or move to dismiss.[3]

---

[3] "A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith or prejudicial to the opposing party, if movant fails

Accordingly, the court will grant the motion to dismiss on the grounds that the plaintiff filed the amended complaint after the expiration of the deadline for filing it as a matter of course. Plaintiff needs either concurrence of the opposing party or leave of court to file the amended complaint. If plaintiff does not obtain defendant's concurrence in filing the amended complaint, and instead files a motion for leave to file the complaint, all procedural rules should be followed including Local Rule 15.1, which directs that a copy of the proposed amended complaint should accompany the motion as well as a copy of the original pleading with stricken material lined through and added material underlined. See M.D.PA. L.R. 15.1.

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be granted, and the plaintiff's amended complaint will be dismissed without prejudice to obtain concurrence to file an amended complaint or to file a motion for leave to file an amended complaint in compliance with all relevant procedural rules.[4] An appropriate order follows.

---

to provide a draft amended complaint or if the amendment fails to state a cause of action." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272-73 (3d Cir. 2001).

[4] Additionally, plaintiff may choose to not file an amended complaint and proceed with the original complaint.

Date: 5/6/24

JUDGE JULIA K. MUNLEY
United States District Court